Commonwealth of Pennsylvania ex rel. Edward J. Bradley (President Judge acting individually and on behalf of all the Judges of the Court of Common Pleas of Philadelphia County), Petitioner *v.* Pennsylvania Labor Relations Board, Raymond L. Scheib, Joseph J. Licastro and James H. Jones, Respondents.

Local 55 Judicial and Governmental Employees, Affiliated with the International Brotherhood of Teamsters, etc., Individually and on behalf of Clark J. Harrington, Petitioners *v.* Pennsylvania Labor Relations Board, Raymond L. Scheib, Joseph J. Licastro, James H. Jones and Commonwealth of Pennsylvania ex rel. Edward J. Bradley (President Judge acting individually and on behalf of all the Judges of the Court of Common Pleas of Philadelphia County), Respondents.

Argued June 8, 1976, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, and Blatt. Judges Kramer and Rogers did not participate.

*Warren M Laddon,* with him *John G. Kruchko,* for Court of Common Pleas of Philadelphia County.

*Michael J. Sheridan,* with him *Fox, Differ, Callahan & Ulrich,* for Local 55 Judicial and Governmental Employees, et al.

*Forest N. Myers,* Assistant Attorney General, with him *James F. Wildeman,* Assistant Attorney General, for Pennsylvania Labor Relations Board.

PER CURIAM MEMORANDUM OPINION AND ORDER, September 10, 1976:

These are cross appeals from a final order of the Pennsylvania Labor Relations Board concluding that the Court of Common Pleas of Philadelphia County engaged in an unfair labor practice contrary to the provisions of Section 1201(a)(1) and (3) of the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.1201(a)(1), (3), and directing the court to cease and desist from such prac-

292

tice. The appeals are before us upon transfer from the Supreme Court of Pennsylvania which had assumed plenary jurisdiction because the judges of the appropriate court of first judicial review of the Board's adjudication disqualified themselves as parties in interest.

The issue on appeal is whether there is substantial evidence to support the Board's conclusion that a court employee was not discharged for engaging in union activity, but a reduction from four weeks to one week in termination of employment notice was so motivated. Appellant union appeals from the first conclusion and the court appeals from the second conclusion.

We are convinced that the record contains substantial evidence in support of the Board's conclusion and that the Board properly applied the facts it found to the law. *St. Joseph Hospital v. PLRB,* 16 Pa. Commonwealth Ct. 533, 330 A.2d 561 (1974); *Shive v. Bellefonte Area Board of School Directors,* 12 Pa. Commonwealth Ct. 543, 317 A.2d 311 (1974).

The final order of the Pennsylvania Labor Relations Board is hereby affirmed.